IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ROCA LABS, INC.,

      Plaintiff,

v.

SLAVA KRASNOV, ALLEN SMITH, and
CENTURY SCIENCES, LLC,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ROCA LABS, INC. ("Roca Labs"), sues Defendants, SLAVA KRASNOV ("Krasnov'), ALLEN SMITH ("Smith"), and CENTURY SCIENCES, LLC, (collectively, "Defendants") , by and through its undersigned attorneys, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a Complaint against Defendants for cybersquatting, arising under the Lanham Act, 15 USC §§ 1114 and 1125(d). *et. seq*.,.

2.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC § 1121, and 28 USC §§ 1331, 1332, and 1367.

3.      Venue is proper under 28 USC §§ 1391(2)and (3) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES

4.      Plaintiff, Roca Labs, is a Florida corporation, having its principal place of business in Hillsborough County, Florida.

5.     Defendant, Slava Krasnov, is a resident of California, and is the owner of the domain name, "GASTRICBYPASSEFFECT.COM."

6.     Defendant Krasnov, upon information and belief, has directed, controlled, participated in, and has been the moving force behind the infringing activity and cybersquatting activity of Defendant Century Sciences, LLC, as described herein.

7.     Defendant, Allen Smith, is a founder of Defendant Century Sciences, LLC, and upon information and belief, has directed, controlled, participated in, and has been the moving force behind the infringing activity and cybersquatting activity of Defendant Century Sciences, LLC, as described herein.

8.     Defendant, Century Sciences, LLC is using the domain name "GASTRICBYPASSEFFECT.COM," for is benefiting commercially from the misdirection of website and internet traffic to its BYSTRICTIN.COM website.

## **THE TRADEMARK**

9.     Since at least as early as 2010, Plaintiff, Roca Labs has used in commerce the trademark "GASTRIC BYPASS EFFECT" on food supplements for weight loss.

10.     Since well prior to Defendants, Roca Labs has established a reputation in the industry as a renowned leader in its field, and its products have been accepted in the weight loss community as a successful product that generally performs as promised, and provides a life saving function in the battle against obesity.  Roca Labs has achieved global recognition and its use of the trademark "GASTRIC BYPASS EFFECT" has been continuous and uninterrupted since at least 2010.

11.     Plaintiff, Roca Labs filed for and obtained a federal trademark registration for the mark

2

"GASTRIC BYPASS EFFECT," and is the owner of US Registration No.: 4,360,182.  A copy of the registration issued by the United States Patent and Trademark Office is attached as Exhibit A.

12.     Since at least September 2010, Plaintiff, Roca Labs has so used the "GASTRIC BYPASS EFFECT," mark that the consuming public has come to identify the mark with the goods of Plaintiff, Roca Labs.  Plaintiff, Roca Labs' use has been extensive, continuous, open and notorious.

13.     Plaintiff, Roca Labs has an established goodwill in the "GASTRIC BYPASS EFFECT," trademark, and the consuming public has come to associate the mark with the food supplement products owned and offered by Plaintiff, Roca Labs.

14.     Plaintiff, Roca Labs, has invested substantial time, and millions of dollars, in developing and promoting its products under the "GASTRIC BYPASS EFFECT" trademark, and is entitled to protection against the unauthorized use by others of the trademark "GASTRIC BYPASS EFFECT."

15.     Plaintiff, Roca Labs, is the senior user of the "GASTRIC BYPASS EFFECT" mark, in that the mark originated with Plaintiff, Roca Labs, and it was the first to use the mark in commerce on food supplements for weight loss.

16.     Plaintiff, Roca Labs, has used the "GASTRIC BYPASS EFFECT" trademark extensively on the internet in the promotion and sales of its products, and is the senior user of the "GASTRIC BYPASS EFFECT" trademark on food supplements for weight loss in all traditional forms of promotion, including the internet, and other media.

17.     Plaintiff, Roca Labs, has invested substantial sums in the promotion of its food supplements for weight loss, under the "GASTRIC BYPASS EFFECT" trademark, and has

generated substantial revenues such that the "GASTRIC BYPASS EFFECT" trademark has acquired a secondary meaning in the marketplace as a source of premium, informed, and reliable products relating to food supplements for weight loss.

18.     Plaintiff, Roca Labs, has gained a reputation that has been relied upon by the consuming public, and is known for offering premium, high quality products and services.

19.     Much of Plaintiff's reputation is dependent upon the continued and exclusive identification by the consuming public with the "GASTRIC BYPASS EFFECT" trademark.

20.     The consuming public associates the "GASTRIC BYPASS EFFECT" trademark with Plaintiff, Roca Labs, and the use of the "GASTRIC BYPASS EFFECT" trademark by Defendants is confusing the consuming public into believing that the goods and services offered by Defendants are those of Plaintiff, Roca Labs.

<u>**DEFENDANTS' CYBERSQUATTING ACTIVITES**</u>

21.     At some time, and upon information and belief, in or around April 2012, Defendants, in concert, registered the domain name "GASTRIC BYPASS EFFECT.COM" and began using the domain name to direct traffic to its websites that are used in the sale of its food supplements for weight loss.  Defendants sell similar goods and services to those of Plaintiff, under the designation and on the internet through the website www.bystrictin.com, amongst others.

22.     Upon information and belief, Defendants registered the domain name and began using the designation "GASTRICBYPASSEFFECT.COM" well after Plaintiff, Roca Labs first used its "GASTRIC BYPASS EFFECT" trademark, making Defendants the junior user of the "GASTRIC BYPASS EFFECT" designation.

23.     Defendants were notified of Plaintiff's objection to their use of the "GASTRIC BYPASS

4

EFFECT" designation by virtue of a cease and desist, and there is a storied history of allegations of infringement between the Parties.

24.     Upon information and belief, and since 2012, Defendants have misappropriated Plaintiff, Roca Labs' "GASTRIC BYPASS EFFECT" trademark by using the designation in its domain name and by unlawfully directing website and internet traffic away from Plaintiff's site and towards their own, for commercial gain.

25.     Defendants' use of Plaintiff's "GASTRIC BYPASS EFFECT" trademark in its domain name, and on its website is likely to cause confusion with Plaintiff's "GASTRIC BYPASS EFFECT" registered trademark and was done in bad faith, with an intent to profit.

26.     Defendants have willfully, deliberately, and wrongfully intended to profit from its unlawful registration of the domain name "GASTRICBYPASSEFFECT.COM" and offer and sell similar goods and services from their website with the intent to deprive Plaintiff, Roca Labs of the exclusive right to the use of the "GASTRIC BYPASS EFFECT" trademark and the associated goodwill.

27.     Defendants have registered the domain name with the knowledge that Plaintiff, Roca Labs is the owner of the trademark "GASTRIC BYPASS EFFECT", and that Plaintiff, Roca Labs had used the mark in commerce well prior to Defendants.

28.     Defendants have not and are not using the domain name in good faith, are not making a bona fide noncommercial or fair use of the domain name, in that the domain name is used to direct and divert traffic away from Plaintiff, Roca Labs and toward Defendants' Bystrictin line of products.

29.     Defendants have registered the "GASTRICBYPASSEFFECT.COM" domain name and

thus, have deprived Plaintiff the benefit of owning the domain name that corresponds to its registered trademark.

30.     Defendants have substantially copied Plaintiff, Roca Labs' business model, and have registered the domain name "GASTRICBYPASSEFFECT.COM" with the intent to deprive Plaintiff of the benefit of ownership and use of the identical domain name formation of their

31.     Defendants have registered the domain name "GASTRICBYPASSEFFECT.COM" with the intention to divert consumers from Plaintiff, Roca Labs to its website, with the intent to harm the goodwill obtained by Plaintiff, Roca Labs trademark, for commercial gain or with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

32.     Plaintiff, Roca Labs "GASTRIC BYPASS EFFECT" trademark is registered with the United States Patent and Trademark Office, and through its continued and uninterrupted use since at least 2010, has become distinctive.

33.     All conditions precedent to Plaintiff, Roca Labs' claims have been satisfied and/or waived.

34.     Plaintiff, Roca Labs has engaged the services of the undersigned counsel to represent it in this action and is obligated to pay its attorney's a reasonable fee.

## COUNT I-CYBERPIRACY PREVENTION/CYBERSQUATTING

35.     Plaintiff, Roca Labs re-alleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36.     This is an action for cyberpiracy and/or cybersquatting 15 USC §§1114 and 1125(d).

37.     Defendants, without the consent of Plaintiff, Roca Labs, have registered the domain name

6

"GASTRICBYPASSEFFECT.COM" in connection with the sale, offering for sale, distribution, and advertisement of food supplements for weight loss.

38.      Defendants own a website "BYSTRICTINWEIGHTLOSS.COM," amongst others, and diverts website and internet traffic away from Plaintiff, Roca Labs' websites in an effort to sell its products to consumers who are otherwise seeking the goods and services of Plaintiff, Roca Labs.

39.      Defendants' use of the "GASTRIC BYPASS EFFECT" trademark and designation on its website and in the domain name www.gastricbypasseffect.com is causing and will continue to cause damage to Plaintiff, Roca Labs, including, without limitation, irreparable harm for which there is no adequate remedy at law.

40.      Plaintiff, Roca Labs "GASTRIC BYPASS EFFECT" trademark is distinctive and was at the time the domain name was registered by Defendants.

41.      Defendants' registration and use of the domain name is in bad faith, and with an intent to profit from Plaintiff's "GASTRIC BYPASS EFFECT" trademark, and deprives Plaintiff of the benefit of owning the domain name that corresponds to its US trademark registration.

42.      Defendants do not have any intellectual property rights in the domain name or the trademark at issue.

43.      The domain name "GASTRICBYPASSEFFECT.COM" does not consist of any legal name that is otherwise commonly used to identify Defendants.

44.      Defendants have not made a fair or bona fide use of the domain name or trademark that predates the use by Plaintiff, Roca Labs.

45.      Defendants' registration and use of the domain name constitutes cyberpiracy and/or

cybersquatting in violation of 15 USC §1125(d), entitling Plaintiff, Roca Labs to relief and

Plaintiff, Roca Labs is entitled to injunctive relief, actual damages, Defendants' profits, statutory

damages, and costs of the action, pursuant to 15 USC § 1117.

46.     Based on the history of disputes between the parties, which includes a claim that

Defendants have copied Plaintiff's business model, product line, advertising methods, and have

used Plaintiff's trademarks unlawfully, this is an exceptional case, entitling Plaintiff, Roca Labs

to an award of attorneys' fees.

<b><u>Plaintiff respectfully request a jury trial.</u></b>

<b><u>REQUEST FOR RELIEF</u></b>

WHEREFORE, Plaintiff, Roca Labs respectfully requests entry of judgment in its favor

and against Defendants as follows:

A.      That Defendants are in violation of the Anticybersquatting Consumer Protection

Act, 15 USC §1125(d), and Defendants shall cease using the domain name

"GASTRICBYPASSEFFECT.COM," and to transfer ownership of the domain name to Plaintiff,

Roca Labs;

B.      That Defendants be enjoined from selling, transferring, or otherwise changing the

ownership of the domain name "GASTRICBYPASSEFFECT.COM;"

C.      That Plaintiff be awarded statutory damages, Defendants' profits, actual damages

suffered by Plaintiff, and costs of the action;

D.      That the Court find that this is an exceptional case, and award attorney's fees.

E.      That the Court award any other relief deemed just and proper.

Dated:  January 15, 2014                                        Louis R. Gigliotti, PA

8

By:/Louis R. Gigliotti, Esq./
Louis R. Gigliotti, Esq.
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph: (954) 471 4392
Email: lgigliotti@bellsouth.net