IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:14-cv-60123-CMA

ROCA LABS, INC.,

                  Plaintiff,

vs.

SLAVA KRASNOV, ALLEN SMITH, and
CENTURY SCIENCES, LLC,

                Defendants.

_____/

**MOTION TO DISMISS COMPLAINT OR IN ALTERNATIVE
TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW**

COME NOW Defendant, CENTURY SCIENCES, LLC ( "Defendant"), by and through

its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to

Dismiss for failure to state a claim upon which relief can be granted in that Plaintiff's claim is

barred by the rules against duplicative litigation and claim splitting, and the first-to-file rule, and

requests that the Court enter an order dismissing the Complaint in its entirety, or in the

alternative, transfer venue to the Middle District, and as ground therefor, states as follows:

**INTRODUCTION**

This lawsuit consists entirely of duplicative claims and allegations that either have been

asserted, or should have been asserted, in a prior pending action.  Plaintiff Roca Labs

("Plaintiff") has already pled the current allegations against Defendant in pending litigation in

the United States District Court Middle District of Florida. Plaintiff is attempting to litigate the

same case in two fora, first in the Middle District of Florida, and now in the Southern District of

Florida.  As detailed below, Plaintiff has filed a lawsuit in the Middle District of Florida, against

1

the same Defendants, making similar (if not identical) allegations against the Defendants.

In the Middle District case, the deadline to add parties and to amend pleadings expired on May 22, 2013; the discovery deadline expired on September 23, 2013. The Court denied Plaintiff's request to extend the Case Management deadlines. The case has been stayed since November 5, 2013, pending the resolution of a United States Patent and Trademark Office Trial and Appeal Board matter that is pending between the parties.

It is clear that Plaintiff is using the instant lawsuit merely to circumvent the Case Management deadlines and the stay in the Middle District case and to further harass Defendants. Plaintiff's Complaint is barred by the rules against duplicative litigation and claim splitting, and by the first-to-file rule, because the claims that it is making in this Court, it either already did or could have and should have made in the already pending proceeding in the Middle District. Thus, Plaintiff's Complaint should be dismissed in its entirety with prejudice, or in the alternative, transferred to the Middle District and stayed.

## FACTUAL BACKGROUND

1.      Plaintiff, Roca Labs, filed its initial Complaint on October 2, 2012, in the United States District Court Middle District of Florida, Tampa Division, Case No. 8:12-cv-02231-VMC-EAJ ("Middle District Matter").

2.      On October 12, 2012, Plaintiff filed an Amended Complaint in the Middle District Matter against Defendants Boogie Media, LLC [now Century Sciences, LLC] and Slava Krasnov for (1) Trademark Infringement under 15 U.S.C. §§114 and 1117 (the Lanham Act); (2) Cybersquatting under 15 U.S.C. §§1125(d) and 1117 (the Lanham Act); (3) Florida Deceptive and Unfair Trade Practices; and (4) Unfair Competition.  All causes of action in the Amended Complaint stem from Plaintiff's contention that it has trademarks for the phrases, "GASTRIC

BYPASS EFFECT," "NATURAL GASTRIC BYPASS," and "GASTRIC BYPASS NO SURGERY," and the Defendants wrongfully used said trademarks.  A true and correct copy of the Amended Complaint is attached hereto as Exhibit 1[1].

3.     Defendant filed an Answer in the Middle District Matter denying all of the material allegations of the Amended Complaint, including the allegation that Defendant intentionally diverted internet traffic and customers of Plaintiff to Defendant's websites and product through unlawful conduct; the allegation that Defendant registered, trafficked in or used in commerce and in competition with Plaintiff an infringing domain name; and that Defendant registered and used an infringing domain name to divert customers from Plaintiff's websites to websites and competing products for Defendant's commercial gain.

4.     Defendant also raised multiple affirmative defenses including the fair use doctrine; that Defendant had no bad faith intent to profit from the registration of internet domains; that Defendant was not aware of any trademark rights when the domain names were registered; Plaintiff's misuse of trademark; that the alleged trademarks are generic and/or descriptive of the goods; that the alleged trademarks are weak; that Plaintiff's trademarks were not distinctive at the time of registration of the domain names; that Plaintiff has unclean hands; and that Plaintiff's unfair competition and business practices are preempted by Federal Law; among other defenses.  A true and correct copy of the Answer is attached hereto as Exhibit 2.

5.     The Middle District Court entered its Case Management and Scheduling Order on January 4, 2013. The Order set the deadline for motions to add parties and/or amend pleadings

---

[1] To the extent required, Defendant requests that the Court take judicial notice of the the Middle District Matter, *Roca Labs, Inc. v. Boogie Media, LLC and Slava Krasnov*, Case No. 8:12-cv-02231-VMC-EAJ.

on **May 22, 2013 (10 months ago)**, and set the discovery deadline on **September 23, 2013 (6 months ago)**.  A true and correct copy of said Order is attached hereto as Exhibit 3.

6.      Plaintiff filed a Motion to Postpone Mediation and Amend the Case Management and Scheduling Order on August 26, 2013; according to Plaintiff, that was due to the fact that Defendant had changed its name from Boogie Media, LLC to Century Sciences, LLC.

7.      On September 4, 2013, the Middle District denied Plaintiff's Motion to Amend the Case Management and Scheduling Order, noting that **"Plaintiff did not participate in discovery during the time period allotted by the Court.  The Court sees no reason to now reward Plaintiff's dilatory approach to prosecuting the long-established mediation date and by enlarging the case management deadlines."**  [Emphasis added.]  A true and correct copy of the order is attached hereto as Exhibit 4.

8.      Defendant filed a Motion to Amend the Case Caption to reflect its corporate name change from Boogie Media, LLC to Century Sciences, LLC. The Middle District granted the Motion on September 16, 2013. A true and correct copy of motion and order is attached hereto as Exhibit 5.

9.      Slava Krasnov was dismissed as a Defendant from the Middle District Matter based upon lack of service.

10.     On September 30, 2013, Plaintiff changed counsel (for the second time in the Middle District Matter), from Dennis Meyers to Stanford Solomon.  Plaintiff's prior counsel, Dennis Meyers, filed a Motion to Withdraw as Counsel for Plaintiff.  The Middle District granted this Motion on October 15, 2013, but stated, "Plaintiff is forewarned that any future requests to substitute counsel will likely be denied, as this case must go forward in a timely manner."  The Court further stated in its order, "No case management deadlines are affected by

4

this order."   A true and correct copy of the order is attached hereto as Exhibit 6. Plaintiff has retained a different attorney to file the instant action.

11.     On October 7, 2013, in response to the Middle District Court's Order to Show Cause contained in an order granting Defendant's motion to compel discovery responses, Plaintiff included a Motion to Amend Case Management and Scheduling Order, *once again* asking the Middle District to extend the deadlines set forth in its Case Management and Scheduling Order.  Plaintiff failed to conduct any discovery in the Middle District case and was therefore asking the Court for the *second time* to extend the deadlines.

12.     During the pendency of the Middle District Matter, Plaintiff was not only changing counsel, failing to provide discovery responses, and repeatedly urging the Middle District to extend the Case Management Orders, but was also sending numerous "cease and desist letters" to Defendant's media outlets, and others who have relationships with Defendant. The letters threatened that if the recipients did not stop doing business with Defendant, Plaintiff would sue them for trademark infringement (despite the fact no such infringement existed). Plaintiff continued such harassment tactics even after Defendant removed all "gastric bypass" phrasing from all of its advertisement pending the resolution of the Middle District Case, which removal was done by Defendant solely to mitigate its own damages caused by Plaintiff's "cease and desist" letters and in no way an admission of any wrongdoing by Defendant.

13.     Plaintiff made it clear it would continue to send the "cease and desist" letters to Defendant's media channels and others so long as Defendant continued to use the phrase "gastric bypass" even though Plaintiff does not have a trademark on "gastric bypass" in and of itself.

14.     As a result of this ongoing harassment by Plaintiff, on October 10, 2013, Defendant filed Petitions to Cancel in the United States Patent and Trademark Office Trademark

Trial and Appeal Board ("TTAB"). The Petitions before the TTAB seek to cancel all of Plaintiff's "gastric bypass" marks, *including the one for "Gastric Bypass Effect," which mark is at issue in the Middle District Matter and now in the instant matter*. The TTAB matter is still pending. Roca Labs' Responses to the Petitions to Cancel were initially due in the TTAB on December 14, 2013. A true and correct copy of the TTAB Cancellation Proceeding Number 92058136 docket sheet is attached hereto as Exhibit 7[2].

15.     Some of the envelopes containing the initial Petitions to Cancel that were served on Plaintiff were returned to sender. The same occurred with the initial notice of due dates sent to Plaintiff by the Trademark Trial and Appeal Board, despite the fact that the Defendant and the TTAB were using the address Plaintiff had listed on its website as well as with the TTAB.

16.     Defendant filed Amended Petitions to Cancel on November 26, 2013.

17.     The TTAB, on December 24, 2013, sent a notice stating that the notice instituting the proceeding and a copy of the initial petitions to cancel were forwarded to Plaintiff but were returned by the Postal Service as undeliverable. The TTAB also acknowledged and accepted Defendant's Amended Petitions to Cancel, and extended Plaintiff's time to respond to the Amended Petitions to Cancel to January 22, 2014.

18.     On January 22, 2014, Plaintiff filed a request for another 30-day extension in the TTAB to file a responsive pleading, keeping in line with delay tactics it used in the Middle District Matter. Plaintiff finally filed its Answer on February 22, 2014 and the TTAB matter is underway.

---

[2] To the extent necessary, Defendant hereby requests that the Court take judicial notice of the United Stated Patent and Trademark Office Trademark Trial and Appeal Board, Cancellation Proceeding No. 92058136, requesting cancellation of Roca Lab's "Gastric Bypass Effect" and other "gastric bypass" trademarks.

19.     On October 11, 2013, Defendant filed a Motion to Stay in the Middle District Matter. Plaintiff consented thereto. The Middle District ordered that the case be stayed on November 5, 2013, pending resolution of the TTAB proceedings.  A true and correct copy of the Order is attached hereto as Exhibit 8.

20.     Now that the case in the Middle District is stayed, and the time to amend pleadings and/or add parties has long passed in that matter, as well as the time to conduct discovery, Plaintiff has filed this new lawsuit in the Southern District with the same parties and the same cause of action, in order to blatantly circumvent the stay and the deadlines set forth by the Middle District Court, and to further harass Defendants.

21.     Plaintiff failed to notify this Court that there is a currently pending related matter, the Middle District Matter, and has gone out of its way to file the instant matter in a different judicial district, the Southern District, in order to conceal this suit from the Judge presiding over the Middle District Matter, and to conceal the Middle District Matter from this Court.

## MEMORANDUM OF LAW

**I.      PLAINTIFF'S COMPLAINT IS BARRED BY THE RULES AGAINST DUPLICATIVE LITIGATION AND CLAIM SPLITTING, AND THE FIRST-TO-FILE RULE.**

Plaintiff's Complaint is a textbook example of a Complaint that is barred by the rules against duplicative litigation and impermissible claim splitting, and the first-to-file rule.

The Supreme Court has reiterated the general principle that federal district courts must avoid duplicative litigation when a plaintiff possesses multiple, similar claims that are pending. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Claim splitting prohibits a plaintiff from prosecuting its case piecemeal, and requires that all related causes of action and claims arising from a common set of facts be presented in one lawsuit (here all of

7

Plaintiff's claims arising out of Defendant's alleged use/misuse of "gastric bypass effect" for which phrase Plaintiff alleges to possess a valid trademark , must have been presented in the initial Middle District Matter). *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).  Claim-splitting is analyzed as an aspect of res judicata, and plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion *prohibiting* the splitting of actions.  *Id.*  A final judgment *is not* necessary for the preclusion and dismissal of a claim that is barred by claim splitting.  *Katz,* at 1218.

"It is undisputed that it is within the district court's power to stay or dismiss a suit that is duplicative of another federal suit".  Sensormatic Sec. Corp. v. Sensormatic Electronics Corp., 329 F. Supp.2d 574, 579 (D. Md. 2004) citing *Colorado River Water Conservation Dist. v. U.S,* 424 U.S. 800 (1976).  Thus, when a suit is pending in federal court, a plaintiff has "no right" to assert another action that is claim splitting. *Id.* In claim splitting cases, as with traditional res judicata analysis, the second suit is "barred" if the claim involves "the same parties or their privies" and "arises out of the same transaction or series of transactions as the first claim." *Id* citing *Trustmark Insur. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1269-70 (11th Cir. 2002). The claims need not be identical for the rule against claim splitting to apply.  *Pueschel  v. United States,* 369 F.3d 345, 355 (4th Cir. 2004).  Rather, the suits and claims asserted need only "arise out of the same transaction or series of transactions or the same core of operative facts." *Id.* In assessing whether the second suit involves claim splitting, the court must assess whether the second suit raises issues that should have been brought in the first case. *Sensormatic,* at 579.  A plaintiff is barred from litigating in a subsequent suit all claims that could have been asserted in a previous,

and still pending suit.[3]  *Id.* at 582.  The Court in Sensormatic made this point clear when it noted that the court based its holding on "the principles of res judicata: [which] protects parties from the concurrent litigation over the same subject matter and **ensures that plaintiffs are barred from filing claims which were raised or could have been raised in an earlier proceeding**." *Id.* (Emphasis added.)  The claim brought in Plaintiff's instant complaint could have and should have been brought in the Middle District Matter.  Plaintiff's failure to bring the current claim in the Middle District Matter serves as a bar to the current action.

This is especially true because courts very often apply the doctrine of claim splitting  "to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint". *Sensormatic,* at 579.  "[T]he district court **must** ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy – particularly for the purpose of circumventing the rules pertaining to the amendment of complaints". (Emphasis added.) *Id.*; *Oliney v. Gardner,* 771 F.2d 856, 859-860 (5th Cir. 1985);  *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("This rule [against claim splitting] finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints.").

In short, plaintiffs may not file duplicative complaints to expand their legal rights, and it is proper for a district court to dismiss those claims that would have been heard in the initial action if plaintiffs had timely raised them. *Sensormatic* at 580, 582. The preclusion of a claim prohibits a plaintiff from filing duplicative suits and from circumventing earlier court orders,

---

[3] A stayed action is considered pending litigation.  See e.g., 1A Corpus Juris Secondum § 344(2007) ("A stay of proceedings is not a dismissal of a suit or an abatement. An order staying proceedings does not determine the action but merely postpones it.").  Therefore, this action duplicates currently pending litigation in the Middle District stayed by Judge Virginia M. Hernandez Covington.

which keeps in line with the rule that a plaintiff must bring suit against the same defendants on all claims that relate to the same conduct, transaction or event at the same time.  *Sensormatic,* at 579.  Allowing a plaintiff to pursue claims and parties by bringing a second action after the time has ran to do so in a previous action would put the parties to the cost and vexation of multiple lawsuits, deplete judicial resources, foster inconsistent decisions and diminish reliance on judicial decisions.  *Id*. at 580. By spreading claims around in multiple lawsuits in other courts, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases.  *Katz*, supra at 1217.

Additionally, one of the main purposes behind the rule against claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim.  *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995); *Oliney*, supra at 859. Plaintiff filed this matter specifically to circumvent the stay of the Middle District Matter and the deadlines that long passed therein i.e. discovery deadline, deadline to add parties and/or to amend complaint; and to continually harass Defendants.  The rule against claim splitting was designed especially to bar the instant Complaint.

Plaintiff's Complaint is also barred by the first-to-file rule, which is a general principle of case management in the federal system. The thrust of the rule is that federal courts will defer to actions previously filed in other federal courts when the parties and issues in the two suits are essentially the same. *See Manuel v. Convergy's Corp*.  430 F.3d 1132, 1135 (11th Cir. 2005). Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-to-file rule, and the rule should not be disregarded lightly. *Id.* The issues and parties do not need to be identical for this rule to apply. *Fat Possum Records Ltd. v. Capricorn*

*Records, Inc.*, 909 F.Supp. 442, 445 (1995).  The two actions need to only involve closely related questions, common subject matter, or substantial overlap of issues for the rule to apply. *Id.* This rule provides the court with discretion to dismiss, stay or transfer a duplicative suit pending before it upon learning the existence of a similar suit between similar parties filed in another federal court first. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991). A court may, in applying the rule, also enjoin the plaintiff in the disfavored suit from prosecuting his or her case. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *Allstate Insurance Co. v. Clohessy*, 9 F. Supp.2d 1314, 1316 (M.D. Florida 1998).  The first-to-file rule is consistent with the doctrine of federal comity which requires federal district courts to refrain from interfering with each other's affairs in order to avoid duplication of judicial resources and conflicting decisions.  *Id.*  Plaintiff is simply not allowed to file another action in a different court where the lawsuit is based on the same operative facts, relates to the same issues, and involves the same parties or their privities. Per this rule, the Middle District Matter should proceed as it was filed first, in October 2012, and the parties and the issues are essentially the same as herein, and the instant matter should be dismissed, or at minimum, transferred.

### 1.      The Two Cases Involves the "Same Parties Or Their Privies".

All of the parties do not need to be identical for either the rule against claim splitting or the first-to-file rule to apply as detailed above. The first-to-file rule merely requires "overlapping issues and parties". *Manuel*, supra at 1135. In claim splitting cases, the second suit is "barred" if the claim involves **"the same parties or their privies"** and "arises out of the same transaction or series of transactions as the first claim." [Emphasis added.] *Sensormatic,* at 579 citing *Trustmark* at 1269-1270.  Privity exists when there is "substantial identity" between parties, that is, when

there is sufficient commonality of interest. *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). In *Gottheiner*, the court held that there was privity between the corporation and its shareholder, stating that when a person owns most of the shares in a corporation, it is presumed that in any litigation involving the corporation, the individual has sufficient commonality of interest. *Id*. In *Irwin v. Mascott,* 370 F.3d 924, 930-931 (9th Cir. 2004), the court held that that a corporation was the "virtual representative" of its senior corporate officer in a prior lawsuit, because although he was not a party to the prior suit, he was the vice president of operations and therefore had a "close relationship" with the corporation which was the named defendant. A "close relationship" between the named party and the nonparty supports a finding of "virtual representation". *Id.* When two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.  *Id.*  As detailed below, the parties in the current suit are either identical or in privity with the parties in the Middle District Matter.

Plaintiff in the Middle District Matter and herein is Roca Labs, Inc. The named Defendants in the Middle District Matter are Boogie Media, LLC and Slava Krasnov. Boogie Media, LLC changed its name to Century Sciences, LLC.  Plaintiff attempted to amend the Case Management Order in the Middle District to extend the deadlines, claiming confusion as a result of this name change, but that request was denied.  The Middle District saw through Plaintiff's tactics and noted, "Plaintiff did not participate in discovery during the time period allotted by the Court.  The Court sees no reason to now reward Plaintiff's dilatory approach to prosecuting the long-established mediation date and by enlarging the case management deadlines."

Defendant filed a Motion to Amend the Case Caption to reflect the corporate name change, from Boogie Media to Century Sciences, LLC.  The Middle District granted the Motion

on September 16, 2013.  Thus, the first Defendant, Century Sciences, LLC is the same in both suits.

The second Defendant, Slava Krasnov, is the same in both suits.  Slava Krasnov was dismissed from the Middle District Matter due to lack of service. Slava Krasnov was a Managing Member of Boogie Media, LLC and is a Managing Member of Century Sciences, LLC.

The third Defendant, Allen Smith, was Vice President of Boogie Media, LLC and is Vice President of Century Sciences, LLC.  He was Vice President at the time Plaintiff filed the Middle District Matter.

Just as the defendant in *Gottheiner* and the defendant in *Irwin,* Defendant Allen Smith and Defendant Slava Krasnov are in privity with the corporation, Century Sciences, LLC who is the named Defendant in the Middle District Matter and herein, and Century Sciences, LLC is their "virtual representative" in the Middle District Matter. Slava Krasnov, by virtue of being a Managing Member, and Allen Smith, by virtue of being Vice President, have a "close relationship" with Century Sciences, LLC and clearly have a commonality of interests with it. They both substantially participated in the Middle District Matter and have the same interests as does Century Sciences, LLC.  For purposes of the bar against claim splitting, Slava Krasnov and Allen Smith are the same parties as Century Sciences, LLC, and the "same parties or their privies" exists in this case as with the case pending in the Middle District Matter.  The same holds true for the first-to-file rule.

Slava Krasnov and Allen Smith should have never been named individually as Defendants given that Century Sciences is a corporation.  There is no individual liability on the part of either man. However, if Plaintiff wanted to (incorrectly) name Allen Smith as a Defendant, Plaintiff could have and should have done so in the initial Middle District Matter.

Two of the three Defendants in the two suits are identical (Century Sciences and Slava Krasnov), and the third (Allen Smith) was apparently mistakenly omitted by Plaintiff in its suit in the Middle District Matter and stands in privity with Century Sciences. The time to amend the complaint and add parties in the Middle District Matter has long passed, and Plaintiff's request to extend the Case Management and Scheduling deadlines was denied. The Middle District Matter is now stayed.  Plaintiff is clearly trying to use the current lawsuit to circumvent this deadline to add parties, as well as other deadlines that have long passed in the Middle District and its stay. This is the exact conduct that the bar against claim splitting and the first-to-file prohibit.

### 2.    This Case Arises Out Of A Common Set Of Facts and Contains Issues that Substantially Overlap With Those In The Middle District Matter.

The issues do not need to be identical for the first-to-file rule or the rule against claim splitting to apply. The first-to-file rule merely requires that the issues be "overlapping".  *Manuel, supra* at 1135. The two actions need to only involve closely related questions, common subject matter, or substantial overlap of issues for the rule to apply. *Fat Possum, supra* at 455. In claim splitting cases, the second suit is "barred" if the claim involves "the same parties or their privies" and **"arises out of the same transaction or series of transactions as the first claim."** [Emphasis added.] *Sensormatic,* at 579. The suits and claims asserted need only **"arise out of the same transaction or series of transactions or the same core of operative facts."** *Pueschel, supra* at 355.  Otherwise, if courts were to focus on the claims asserted in each suit, the goals of barring claim splitting would be frustrated "through artful pleading and claim splitting given that [a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Id.*  This Court, in *Openmind Solutions, Inc. v. John Doe*, 12-21098-CIV-UNGARO at 3 (S.D. Fla  2012), dismissed Plaintiff's

complaint because it was duplicative claim splitting, and in doing so held, "While the present complaint includes two counts, civil conspiracy and contributory infringement *not* included in the earlier filed action, *both are related to the alleged infringement of the same copyright, and therefore arise from the same transaction*." [Emphasis added.]  The Middle District Matter and the current matter arise from the same transaction, namely Plaintiff's allegation that Defendants have used/misused its allegedly valid trademark, "gastric bypass effect", and this matter too should therefore be dismissed.

A cursory side-by-side comparison of Plaintiff's Amended Complaint filed October 12, 2012 (attached hereto as Exhibit 1 and referred to as "Amended Complaint) and the Complaint in the instant action, shows that both suits have "overlapping issues", "arise from the same transaction or series of transactions" and contain "the same core of operative facts" which warrants dismissal per the rule against claim splitting  and per the first-to-file rule:

• Plaintiff brings both lawsuits for the same cause of action and per the same statutes:

- In the Middle District Matter, Plaintiff's Amended Complaint alleges Trademark Infringement under 15 U.S.C. §§ 1114(1) and 1117, Cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d) and 1117, all per the Lanham Act, and two other causes of action. (Pl. Am. Comp. at   5, 56, 66, 69, 70).

-  In the instant matter, Plaintiff's Complaint is for one count of Cybersquatting under 15 U.S.C. §§ 1114, 1117 and 1125(d) [Anti-Cybersquatting Consumer Protection Act], the same cause of action and code sections cited in the Amended Complaint in the Middle District, and all too under the Lanham Act.  ( DE 1 at   1, 36, 45)

• All of Plaintiff's causes of action in both suits stem from Plaintiff's contention that it is the owner of the trademark **"Gastric Bypass Effect"** [in the Middle District Matter they add

additional "gastric bypass" trademarks] and that the trademark is distinctive and valid.  See Plaintiff's Amended Complaint at paragraphs: 25 29, 31, 32, 33, 34, 36, 52 and 60. See current Complaint at paragraphs 9 – 20 [entitled "The Trademark" which sets forth **"Gastric Bypass Effect"** as the trademark under which Plaintiff is bringing its Compliant], paragraph 27 and 40.

• Plaintiff alleges that Defendants participated in the infringing activities and cybersquatting in both suits.  See Plaintiff's Amended Complaint at paragraphs 16-18.  See current Complaint at paragraphs 5 - 8.

• Plaintiff alleges that Defendants have infringed or misappropriated its **"Gastric Bypass Effect"** trademark.   See Plaintiff's Amended Complaint at paragraphs 53 and A on page 13["Defendants ..are infringing…in violation of Plaintiff's Marks…"**Gastric Bypass Effect"**]. See current Complaint at paragraph 24 [Defendants have misappropriated Plaintiff, Roca Labs' **'Gastric Bypass Effect'** trademark".]

• Plaintiff alleges that Defendants intentionally divert internet traffic and customers of Plaintiff to Defendants' website and product.  See Plaintiff's Amended Complaint at paragraphs 15, 19, 39, 44, 54, 65.  See current Complaint at paragraphs 21, 24, 28, 31, 38.

• Plaintiff alleges that Defendants use terms, marks, words, phrases, websites, domain name that resemble Plaintiff's trademarks, including **"Gastric Bypass Effect".** See Plaintiff's Amended Complaint at paragraphs 37, 39 and 45.  See current Complaint at paragraph 25 and 39.

• Plaintiff alleges that Defendants' use of **"Gastric Bypass Effect"** is likely to cause confusion and deceive customers.  See Plaintiff's Amended Complaint at paragraphs  37, 39, 40, 45, 54, 55, 56, 76, 79.  Se current Complaint at paragraphs 20, 25, 31.

16

• Plaintiff alleges that Defendants are using **"Gastric Bypass Effect"** in connection with the sale or advertising of directly competing goods without Plaintiff's consent.  See Plaintiff's Amended Complaint at paragraphs 53. See current Complaint at paragraph 37.

• Plaintiff alleges that Defendant's use of **"Gastric Bypass Effect"** is causing and will cause damage to Plaintiff. See Plaintiff's Amended Complaint at paragraphs 15, 47, 68, 73, 77.  See current Complaint at paragraph 39.

The above are just some examples of duplicative issues and claims in the two matters. One need only to look at the two complaints to see they are duplicative. Both the Amended Complaint in the Middle District Matter and the Complaint in this matter stem from Plaintiff's contention that it is the owner of the trademark **"Gastric Bypass Effect"**, that this trademark is valid and distinctive, and Defendants are using/misusing phrase **"Gastric Bypass Effect"**, and thereby causing consumer confusion and damage to Plaintiff.  The allegations are the same, as will be Defendant's affirmative defenses and the issues to be determined in both cases.  Just as in *Openmind* where this Court dismissed plaintiff's subsequent complaint because the two "new" causes of action related to the same copyright plaintiff sued under in the earlier filed action, the Court should dismiss the instant matter as it relates to the same trademark, "Gastric Bypass Effect", that Plaintiff sued under in its earlier filed action in the Middle District.

A plaintiff is barred by the doctrine of claim splitting from litigating in a subsequent suit all claims that could have been asserted in a previous, and still pending suit.  *Sensormatic, supra.* at 582; *Trustmark, supra* at 1269-1270. Plaintiff asserts in its instant Complaint, "[A]round April 2012, Defendants…registered the domain name 'Gastricbypasseffect.com' and began using the domain name to direct traffic to its websites…." (DE 1 at   21).  Plaintiff asserts, "Since at least

as early as 2010, Plaintiff…has used in commerce the trademark, 'Gastric Bypass Effect'". (DE 1 at   9).  Plaintiff further asserts, "Plaintiff, Roca Labs, 'Gastric Bypass Effect' trademark is distinctive and was at the time the domain name was registered by Defendants." (DE 1 at   40). While Defendant denies that Plaintiff has used said trademark since 2010 and/or that it ever was or is distinctive, based on Plaintiff's alleged facts in its instant Complaint, its claim in the instant matter arose "around April 2012," when "gastricbypasseffect.com" was registered. Plaintiff filed an application with the United States Patent and Trademark Office to register "Gastric Bypass Effect" as a trademark on July 2, 2012, approximately two months *after* the domain was registered.[4]  Plaintiff's Complaint and Amended Complaint in the Middle District were filed in October 2012, more than *five months after* the domain was registered.  Thus, Plaintiff's instant claim of cybersquatting could have and should have been asserted in the Middle District Matter. Plaintiff is therefore barred as a matter of law from bringing its new Complaint in this action.

### 3.     Dismissal Is Appropriate Because Plaintiff Is Attempting To Circumvent Prior Court Orders And The Prior Court's Stay.

"[T]he district court **must** ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy – particularly for the purpose of circumventing the rules pertaining to the amendment of complaints". (Emphasis added.) *Sensormatic*, supra at 580; *Olney*, supra at 859-860; *Friends of the Earth, Inc.*, supra at 362 ("This rule [against claim splitting] finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints.") A plaintiff may not file a

---

[4] It has It has been an ongoing problem between the parties that Plaintiff outright copies Defendant's advertising and business model, files a trademark application or takes other action, and then wrongly accuses Defendants of some sort of foul play.

duplicative complaint to expand their legal rights, and it is proper for a district court to dismiss such suits. *Sensormatic,* at 580, 582.   As detailed above, the deadline to add parties and/or to amend pleadings in the Middle District Matter expired long ago.   Plaintiff attempted multiple times to reopen those deadlines to no avail, with the Court stating, **"Plaintiff did not participate in discovery during the time period allotted by the Court.   The Court sees no reason to now reward Plaintiff's dilatory approach to prosecuting the long-established mediation date and by enlarging the case management deadlines."** Exhibit 4. The Middle District Matter was stayed on November 5, 2013, with the consent of Plaintiff in order to allow the TTAB matter between the same parties and for the same trademark, to proceed, which matter is also still pending. Plaintiff clearly brought the instant suit as an end-around to circumvent the Middle District's stay of its case and the deadlines that have long passed therein to add parties, amend pleadings and conduct discovery [Plaintiff failed to conduct any discovery in the Middle District Matter.] If this matter is not dismissed, Plaintiff will be permitted to gain back door entry by adding a cause of action and Defendant that it can no longer add in the Middle District Matter, and obtain discovery in this new case that it can no longer obtain in the Middle District, by virtue of its own "dilatory approach to prosecuting the long-established" deadlines in that case. If dismissal is not granted, Case Management and Scheduling Orders will be rendered meaningless, as will court stays, because litigants will bring similar claims in other courts *via* adding parties and causes of actions that could have been added and/or raised in the initial action in order to circumvent the initial court's orders and deadlines, and to continuously harass their opponents.

**4.      Dismissal Is Appropriate Because Plaintiff Is Using the Instant Suit to Harass Defendants**

One of the main purposes behind the rule against claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim. *Clements*, supra at 328; *Oliney*, supra at 859. Plaintiff went on a campaign of sending false "cease and desist" letters to Defendant's advertisers as detailed above. Plaintiff was advised by Defendant that it had stopped using all "gastric bypass" phrasing in its advertising in October 2013, pending the outcome of the Middle District Matter and the TTAB matter in order to minimize its damages caused by Plaintiff's "cease and desist" letters to its advertisers. It stands to reason that this new Complaint is brought for an improper purpose given that Defendant has not used the domain name at issue or any "gastric bypass" words for months. Plaintiff vowed through counsel to keep Defendants in litigation for the next 25 years because Plaintiff is a much larger company with much deeper pockets than Defendant. This instant Complaint, involving the same parties and claims as its Complaint in the Middle District Matter, is in line with Plaintiff's ongoing harassment and threats.  The rule against claim splitting specifically aims to bar such tactics.

**5.      Dismissal Is Appropriate In Order to Promote Judicial Economy And Avoid Duplicative Decisions.**

Allowing a plaintiff to pursue claims and parties by bringing a second action when there is already a similar pending action (claim splitting), would put the parties to the cost and vexation of multiple lawsuits, deplete judicial resources, foster inconsistent decisions and diminish reliance on judicial decisions. *Sensormatic,* supra at 580.   Similarly, the primary purpose of the first-to-file rule, where the second filed suit should be dismissed, "is to conserve judicial resources and avoid conflicting rulings." *Allstate Insurance Co*., supra at 1316.   If the instant Complaint is not dismissed, or at minimum, transferred, then two different Courts will be

deciding the same issues, namely whether or not Plaintiff has a valid and distinct trademark, whether the trademark is or is not weak, generic and/or descriptive, whether or not Defendant used/misused it, and Defendant's affirmative defenses.  This is a waste of judicial resources and can lead to two different and conflicting results.  As such, the instant matter should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, it is clear that the instant action is barred by the rules against duplicative litigation and claim splitting, and the first-to-file rule.  Defendant respectfully requests that the Court dismiss Plaintiff's action with prejudice in its entirety, or in the alternative, transfer venue to the Middle District, award Defendant its fees and costs, and grant such other relief this Court deems just.

DATED:        April 21, 2014                    Respectfully submitted,

                                                                **ANDERSON LAW GROUP**

                                                                <u>/s/ Daniel W. Anderson</u>
                                                                Daniel W. Anderson, Esq.
                                                                Florida Bar No.: 490873
                                                                Henry G. Gyden, Esq.
                                                                Florida Bar No.: 0158127
                                                                13577 Feather Sound Drive, Suite 500
                                                                Clearwater, FL 33762
                                                                Telephone:  (727) 329-1999
                                                                Facsimile:  (727) 329-1499
                                                                E-mail:  danderson@floridalawpartners.com
                                                                E-mail:  hgyden@floridalawpartners.com
                                                                E-mail:  eserve@floridalawpartners.com
                                                                *Attorneys for Defendant, Slava Krasnov*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 21, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice to all counsel of record:

      Louis R. Gigliotti, Esq.
      1605 Dewey Street
      Hollywood, FL 33020
      Ph: (954) 471 4392
      Email: lgigliotti@bellsouth.net

                        /s/ Daniel W. Anderson
                        Daniel W. Anderson, Esq.
                        Florida Bar No.: 490873