IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:14-cv-60123-CMA

ROCA LABS, INC.,

      Plaintiff,

vs.

SLAVA KRASNOV, ALLEN SMITH, and
CENTURY SCIENCES, LLC,

      Defendants.
_____/

**DEFENDANT SLAVA KRASNOV'S MOTION TO QUASH
SERVICE OF PROCESS AND/OR DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS AND INCORPORATED EMORANDUM OF LAW**

COME NOW Defendant, SLAVA KRASNOV ("Defendant" or "Defendant KRASNOV"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5), hereby specially appears for the purpose of moving this Court to quash service of process and/or dismiss for insufficient service of process as to the Summons and Complaint (Doc. 1). Plaintiff, ROCA LABS, INC., alleges that, on or about March 11, 2014, service was made on Defendant by serving a copy of the Summons and Complaint on a Marco Krasnov, who is alleged to reside with Defendant. However, Defendant does not know Marco Krasnov, and that person does not reside with Defendant. Accordingly, Plaintiff's alleged service of process was improper and no valid service under Federal Rule of Civil Procedure 4 has occurred. For this reason, this Court should quash service as to Defendant and/or dismiss the Complaint as to Defendant due to insufficient service of process.

1

**MEMORANDUM OF LAW**

I.  **BACKGROUND**

The litigation brought by Plaintiff against Defendant was first brought on October 2, 2012, in the United States District Court Middle District of Florida, Tampa Division, Case No. 8:12-cv-02231-VMC-EAJ ("Middle District Matter"). On October 12, 2012, Plaintiff filed an Amended Complaint in the Middle District Matter against Defendants Boogie Media, LLC [now Century Sciences, LLC] and Slava Krasnov for (1) Trademark Infringement under 15 U.S.C. §§114 and 1117 (the Lanham Act); (2) Cybersquatting under 15 U.S.C. §§1125(d) and 1117 (the Lanham Act); (3) Florida Deceptive and Unfair Trade Practices; and (4) Unfair Competition Under Florida Common Law. All causes of action in the Amended Complaint stemmed from Plaintiff's contention that it has trademarks for the phrases, "GASTRIC BYPASS EFFECT," "NATURAL GASTRIC BYPASS," and "GASTRIC BYPASS NO SURGERY," and the Defendants wrongfully used said trademarks. For purposes of this Motion, Defendant will not recite the full procedural history of the Middle District Matter. However, this Court should know that the Middle District court, on November 5, 2013, ordered that the Middle District Matter be stayed pending resolution of certain Petitions to Cancel filed with the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB") (in which the Defendants sought to cancel all of Plaintiff's "gastric bypass" trademarks).

Of note, prior to the ordered stay in the Middle District Matter, Defendant KRASNOV was dismissed as a Defendant based upon a lack of service. (Doc. 32).

Now that the case in the Middle District is stayed, and the time to amend pleadings and/or add parties has long passed in that matter, as well as the time to conduct discovery, on January 17, 2014, Plaintiff filed a Complaint (Doc. 1) in the above-styled matter in the Southern District asserting essentially the same claims against Defendant KRASNOV, an individual, as

well as co-Defendants ALLEN SMITH and CENTURY SCIENCES, LLC.  Defendant, CENTURY SCIENCES, LLC, has filed a Motion to Dismiss the Complaint due to Plaintiff's blatant violation of the rules against duplicative litigation and claims-splitting and the first to file rule.[1]

In any event, to date, Defendant KRASNOV has not been personally served with the Summons or Complaint in this action.  Notwithstanding this fact, on April 18, 2014, Plaintiff filed an Affidavit of Service (Doc. 8), asserting that it served its Summons, Complaint, and a Lis Pendens on Defendant KRASNOV on March 11, 2014, by leaving the documents with a person named "Marco Krasnov."  In addition to the Affidavit of Service, Plaintiff also filed a Motion for Default Against Slava Krasnov (Doc. 9).  In the Motion for Default, Plaintiff asserts that "Defendant KRASNOV was served on March 11, 2014, and has failed to file a responsive pleading with the time allowed under the Rules."  (Doc. 9).  Defendant KRASNOV will be filing a separate Memorandum of Law in Opposition to Plaintiff's Motion for Default.

As will be discussed, Plaintiff has failed to obtain proper service upon Defendant KRASNOV under Federal Rule of Civil Procedure 4(e) because Marco Krasnov was not a resident of Defendant's household.

## II.    ARGUMENT

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Moreover, the Federal Rules of Civil Procedure place the burden of proving service on the plaintiff.  *See* Fed. R. Civ. P. 4(l)(1); *Familia de Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980) ("[W]hen service of process is

---

[1] If this Court determines that effective service of process occurred against Defendant KRASNOV, then Defendant KRASNOV notifies this Court that it joins in the Motion to Dismiss the Complaint filed by its co-Defendant.

challenged, the party on whose behalf service is made has the burden of establishing its validity.").

Federal Rule of Civil Procedure 4(e) provides the various methods of acceptable service of process on an individual.  Pursuant to Rule 4(e), service upon an individual may be accomplished as follows:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) *leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there*; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(emphasis added).

Plaintiff's Affidavit of Service (Doc. 8) asserts that, on March 11, 2014, at 8:25 a.m., the process server served a copy of the Summons, Complaint, and a Lis Pendens on Marco Krasnov at 16257 Lovett Place, Encino, CA  91436.  (Doc. 8).  The affidavit asserts that Marco Krasnov is a "co-resident."   (Doc. 8).  Based on these allegations, it appears that Plaintiff alleges that it completed service under Rule 4(e)(2)(B), by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Plaintiff's attempted service was defective because Defendant KRASNOV does not know anyone named "Marco Krasnov," and no one named Marco Krasnov resides with Defendant. As support for these assertions, Defendant KRASNOV has completed an Affidavit, which is attached to this Motion as **Exhibit 1**.  In his Affidavit, Defendant KRASNOV declares that: (1)

he has not personally been served with the Summons, Complaint, or any Lis Pendens; (2) to his knowledge no one who resides with him has been served with the Summons, Complaint, or any Lis Pendens, (3) he does not know a Marco Krasnov; and (4) Marco Krasnov does not reside with him. *See attached* **Exhibit 1**. Accordingly, since Plaintiff failed to serve the Summons and Complaint on a person who resides with Defendant, Plaintiff has failed to satisfy the requirements of Rule 4(e)(2)(B).

Defendant notes that Rule 4(e)(1) allows for service on an individual if the plaintiff follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." However, even under Florida law, the service of process here is defective.

Indeed, section 48.031(1)(a), Florida Statutes (2014), provides:

> (1) (a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or *by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents*. Minors who are or have been married shall be served as provided in this section.

Thus, the method for service under Florida law is patterned after Rule 4(e). Since Marco Krasnov did not reside with Defendant (and Defendant does not know anyone of that name), the service attempted here would not be effective under Florida law.

For the above reasons, Defendant, SLAVA KRASNOV, requests that this Court quash service and/or dismiss the complaint for insufficient service of process. *See generally Hollander v. Wolf*, 2009 U.S. Dist. LEXIS 101446, at *5 (S.D. Fla. Oct. 9, 2009) (recognizing that district courts are authorized to quash service of process); *Prewitt Enters. v. OPEC*, 353 F.3d 916, 927-28 (11th Cir. 2003) (affirming district court's dismissal of Complaint due to insufficient service of process).

WHEREFORE Defendant, SLAVA KRASNOV, moves this Court for entry of an Order quashing the service of process of the Summons and Complaint, or alternatively, dismissing the Complaint as to Defendant KRASNOV due to insufficient service of process, and such other relief as this Court deems just and proper.

Dated April 21, 2014.

**ANDERSON LAW GROUP**

/s/Daniel W. Anderson
Daniel W. Anderson, Esq.
Florida Bar No.: 490873
Henry G. Gyden
Florida Bar No.: 0158127
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
E-mail: danderson@floridalawpartners.com
E-mail: hgyden@floridalawpartners.com
E-mail:  eserve@floridalawpartners.com
*Attorneys for Defendant Slava Krasnov*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice to all counsel of record:

Louis R. Gigliotti, Esq.
1605 Dewey Street
Hollywood, FL 33020
Ph: (954) 471 4392
Email: lgigliotti@bellsouth.net

/s/Daniel W. Anderson
Daniel W. Anderson, Esq.
Florida Bar No.: 490873