IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:14-cv-60123-CMA

ROCA LABS, INC.,

        Plaintiff,

vs.

SLAVA KRASNOV, ALLEN SMITH, and
CENTURY SCIENCES, LLC,

        Defendants.

_____/

## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR DEFAULT AGAINST SLAVA KRASNOV

COME NOW Defendant, SLAVA KRASNOV ("Defendant" or "Defendant KRASNOV"), by and through his undersigned counsel and pursuant to Local R. S.D. 7.1, hereby specially appears for the purpose of filing this Memorandum of Law in Opposition to Plaintiff, ROCO LABS, INC., Motion for Default Against Slava Krasnov. (Doc. 9). Since Plaintiff failed to serve process on Defendant, the Motion for Default should be denied. Additionally, even if this Court determines that service of process was properly completed, Defendant has shown good cause for denying the motion for default and/or setting aside the entry of default.

## MEMORANDUM OF LAW

### I.      BACKGROUND FACTS

The litigation brought by Plaintiff against Defendant was first brought on October 2, 2012, in the United States District Court Middle District of Florida, Tampa Division, Case No. 8:12-cv-02231-VMC-EAJ ("Middle District Matter"). On October 12, 2012, Plaintiff filed an

Amended Complaint in the Middle District Matter against Defendants Boogie Media, LLC [now Century Sciences, LLC] and Slava Krasnov for: (1) Trademark Infringement under 15 U.S.C. §§114 and 1117 (the Lanham Act); (2) Cybersquatting under 15 U.S.C. §§1125(d) and 1117 (the Lanham Act); (3) Florida Deceptive and Unfair Trade Practices; and (4) Unfair Competition Under Florida Common Law. All causes of action in the Amended Complaint stemmed from Plaintiff's contention that it has trademarks for the phrases, "GASTRIC BYPASS EFFECT," "NATURAL GASTRIC BYPASS," and "GASTRIC BYPASS NO SURGERY," and the Defendants wrongfully used said trademarks.

For purposes of this Motion, Defendant will not recite the full procedural history of the Middle District Matter. However, this Court should know that the Middle District court, on November 5, 2013, ordered that the Middle District Matter be stayed pending resolution of certain Petitions to Cancel filed with the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB") (in which the Defendants sought to cancel all of Plaintiff's "gastric bypass" trademarks). (Doc. 73). Of note, prior to the ordered stay in the Middle District Matter, Defendant KRASNOV was dismissed as a Defendant based upon a lack of service. (Doc. 32).

Now that the case in the Middle District is stayed, and the time to amend pleadings and/or add parties has long passed in that matter, as well as the time to conduct discovery, on January 17, 2014, Plaintiff filed a Complaint (Doc. 1) in the above-styled matter in the Southern District asserting essentially the same claims against Defendant KRASNOV, an individual, as well as co-Defendants ALLEN SMITH and CENTURY SCIENCES, LLC. Defendant, CENTURY SCIENCES, LLC, has filed a Motion to Dismiss the Complaint due to Plaintiff's

blatant violation of the rules against duplicative litigation and claims-splitting and the first-to-file rule.[1]

In any event, to date, Defendant KRASNOV has not been personally served with the Summons or Complaint in this action.  Notwithstanding this fact, on April 18, 2014, Plaintiff filed an Affidavit of Service (Doc. 8), asserting that it served its Summons, Complaint, and a Lis Pendens on Defendant KRASNOV on March 11, 2014, by leaving the documents with a person named "Marco Krasnov."  In addition to the Affidavit of Service, Plaintiff also filed a Motion for Default Against Slava Krasnov (Doc. 9).   In the Motion for Default, Plaintiff asserts that "Defendant KRASNOV was served on March 11, 2014, and has failed to file a responsive pleading with the time allowed under the Rules."  (Doc. 9).

As will be discussed, this Court should deny entry of default because, since Marco Krasnov was not a resident of Defendant's household, Plaintiff has failed to obtain proper service upon Defendant KRASNOV under Federal Rule of Civil Procedure 4(e).  Additionally, even if this Court determines that service of process occurred, Defendant KRASNOV was unaware of the service of the Summons and Complaint and Defendant has a meritorious defense against Plaintiff's claim, including assertions that the instant Complaint violates the rule against claims-splitting and the first-to-file rule.  Thus, this Court should find that Defendant has shown good cause for denying entry of default.[2]

---

[1] If this Court determines that effective service of process occurred against Defendant KRASNOV, then Defendant KRASNOV notifies this Court that it joins in the Motion to Dismiss the Complaint filed by its co-Defendant.

[2] Defendant KRASNOV has filed a separate Motion to Quash Service and/or Dismiss the Complaint for Insufficient Service of Process.

II.     **ARGUMENT**

    A.     **Plaintiff Failed to Obtain Proper Service of Process Upon Defendant**

Federal courts have repeatedly stated, insufficient or improper service of process cannot support the entry of a default judgment, even if the defendant has actual notice of the suit. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (affirming dismissal of complaint, finding that "defendant's actual notice is not sufficient to cure defectively executed service."); *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint").

Where a plaintiff's service of process is insufficient, a court has good cause to set aside an entry of default because the court lacked personal jurisdiction over the defendant and, as a result, had no power to render judgment against it. *See, e.g., Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1299 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1367-68 (11th Cir. 1982) (explaining that a default judgment entered against a defendant who was not properly served is void).

In this case, Defendant KRASNOV was never personally served with the Summons and Complaint, and Plaintiff's service of process on Marco Krasnov was insufficient to perfect service on Defendant KRASNOV.

Federal Rule of Civil Procedure 4(e) provides the various methods of acceptable service of process on an individual.  Pursuant to Rule 4(e), service upon an individual may be accomplished as follows:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) *leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there*; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(emphasis added).

Plaintiff's Affidavit of Service (Doc. 8) asserts that, on March 11, 2014, at 8:25 a.m., the process server served a copy of a Summons, Complaint, and a Lis Pendens on Marco Krasnov at 16257 Lovett Place, Encino, CA  91436.  (Doc. 8).  The affidavit asserts that Marco Krasnov is a "co-resident."  (Doc. 8).

Based on these allegations, it appears that Plaintiff alleges that it completed service under Rule 4(e)(2)(B), by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Plaintiff's attempted service was defective because Defendant KRASNOV does not know anyone named "Marco Krasnov," and no one named Marco Krasnov resides with Defendant. As support for these assertions, Defendant KRASNOV has completed an Affidavit, which is attached to this Motion as **Exhibit 1**.  In his Affidavit, Defendant KRASNOV declares that: (1)

he has not personally been served with the Summons, Complaint, or any Lis Pendens; (2) to his knowledge no one who resides with him has been served with the Summons, Complaint, or any Lis Pendens, (3) he does not know a Marco Krasnov; and (4) Marco Krasnov does not reside with him.  *See attached* **Exhibit 1**.  Accordingly, since Plaintiff failed to serve the Summons and Complaint on a person who resides with Defendant, Plaintiff has failed to satisfy the requirements of Rule 4(e)(2)(B).

Defendant notes that Rule 4(e)(1) allows for service on an individual if the plaintiff follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  However, even under Florida law, the service of process here was defective.

Indeed, section 48.031(1)(a), Florida Statutes (2014), provides:

(1) (a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or *by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents*. Minors who are or have been married shall be served as provided in this section.

Thus, the method for service under Florida law is patterned after Rule 4(e).  Since Marco Krasnov did not reside with Defendant (and Defendant does not know anyone of that name), the service attempted here would not be effective under Florida law.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Moreover, the Federal Rules of Civil Procedure place the burden of proving service on the plaintiff.  *See* Fed. R. Civ. P. 4(l)(1).  In this case,

Plaintiff has failed to establish that proper service was made on Defendant KRASNOV. Accordingly, there is no basis for entry of a default.

### B.    Defendant Has Shown Good Cause For Denial of Entry of Default

While Defendant KRASNOV continues to assert that the alleged service of process here was improper, if this Court disagrees, Defendant requests that this Court deny entry of the default or set aside the entry of default for the following reasons.

Federal Rules of Civil Procedure Rule 55(c) permits a court to set aside an entry of default "[f]or good cause shown."  Good cause is a "mutable standard" that "is not susceptible to a precise formula," and it is therefore within a court's discretion to grant or deny a motion to set aside default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted). Of importance, the standard imposed on the defaulting party for setting aside an entry of default is different from and *less burdensome* than the standard for setting aside a default judgment. *Barrett v. Citifiniancial Services, Inc.*, 2006 U.S. Dist LEXIS 27167 (M.D. Fla. 2006) (citing *EEOC v. Mike Smith Pontiac GMC. Inc.*, 896 F.2d 524. 527-28 (11th Cir. 1996)). Federal courts in the Southern District, in order to set aside a default, have required a showing that: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. *See Almacen Boyaca CIA, LTDA. v. Gran Golfo Express*, 771 F. Supp. 354, 355 (S.D. Fla. 1991); *Boron v. West Texas Exports, Inc.*, 680 F. Supp. 1532, 1536 (S.D. Fla. 1988); *see*

also *Theiss v. Giove Law Office, P.C.*, 2008 U.S. Dist. LEXIS 44422, 6 (M.D. Fla. June 5, 2008). Defendant KRASNOV satisfies all four factors outlined above.

Defendant KRASNOV has shown excusable neglect because he had a good faith belief that he had not been served with the Summons and Complaint, which is the sole reason he did not respond to the Complaint. Indeed, it was not until Plaintiff filed its Affidavit of Service (Doc. 8) and its Motion for Default (Doc. 9) that Defendant KRASNOV first became aware that Plaintiff was asserting that it had properly served him. To the extent this Court finds that Defendant KRASNOV was mistaken in his view that he was never served, Defendant would assert that his mistake constituted excusable neglect under the circumstances.

As to the second factor, Defendant KRASNOV has promptly responded to the Motion for Default and Affidavit of Service, which were filed only one business day ago. Defendant KRASNOV has separately filed a Motion to Quash Service of Process and this Memorandum of Law in opposition to the Motion for Default. This fact shows that Defendant has not willfully ignored his responsibility to respond to the Complaint, but rather was unaware that he had been served or that Plaintiff was alleging that he had been served.

As to the third factor, the setting aside of the default (or in this case, not entering a default) will not prejudice any party. No case management or scheduling orders have been made yet, and the time for Defendant CENTURY SERVICES, LLC to file a responsive pleading to the Complaint has not yet expired. Thus, setting aside the default and allowing Defendant KRASNOV the opportunity to respond to the Complaint will not delay these proceedings or otherwise prejudice any party.

Lastly, Defendant KRASNOV has a meritorious defense to the Complaint.  Indeed, since the Plaintiff has essentially sued the same parties for the same claims that are pending in the Middle District Matter, Plaintiff's Complaint is barred by the rules against duplicative litigation and claim splitting.  Claim splitting prohibits a plaintiff from prosecuting its case piecemeal, and requires that all related causes of action and claims arising from a common set of facts be presented in one lawsuit (here all of Plaintiff's claims arising out of Defendant's alleged use/misuse of "gastric bypass effect" for which phrase Plaintiff alleges to possess a valid trademark , must have been presented in the initial Middle District Matter).  *See Katz v. Gerardi*, 655 F.3d 1212. 1217 (10th Cir. 2011).

Additionally, Plaintiff's Complaint is barred by the first-to-file rule, which is a general principle of case management in the federal system.  The thrust of the rule is that federal courts will defer to actions previously filed in other federal courts when the parties and issues in the two suits are essentially the same.  Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-to-file rule, and the rule should not be disregarded lightly.  *Manuel v. Convergy's Corp*.  430 F.3d 1132, 1135 (11th Cir. 2005). This rule provides the court with discretion to dismiss, stay or transfer a duplicative suit pending before it upon learning the existence of a similar suit between similar parties filed in another federal court.  *Alltrade, Inc. v. Uniwield Prods., Inc.,* 946 F.2d 622 (9th Cir. 1991). A court may, in applying the rule, also enjoin the plaintiff in the disfavored suit from prosecuting his or her case.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).  Per the first-to-file rule, the Middle District Matter should proceed as it was filed first, in October 2012, and the parties

and the issues are essentially the same as in the instant matter.  Thus, the instant matter should be dismissed.

Defendant KRASNOV also has defenses to the merits of Plaintiff's claims.  While Defendant KRASNOV was dismissed from the Middle District Matter due to lack of service, Defendant is a Managing Member of Century Sciences, LLC.  Defendant KRASNOV, as an individual, would assert that he has no liability for the actions of Century Services, LLC, and this Court cannot assert personal jurisdiction over him for alleged acts committed by him in his corporate capacity.  *See Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004) ("A nonresident individual cannot be subject to personal jurisdiction based solely upon acts in [the forum state] taken in his or her corporate capacity.").

Moreover, Defendant KRASNOV challenges Plaintiff's claim that it has valid trademarks, including "gastric bypass effect" which trademark is at issue in the instant matter and in the Middle District Matter.  Those trademarks are currently the subject of petitions to cancel pending before the TTAB.  If Plaintiff's trademarks are cancelled, then it has no basis for any of its claims.  This is the reason why the Middle District court stayed the action pending the TTAB's ruling.

For all these reasons, Defendant KRASNOV has a meritorious defense against Plaintiff's Complaint.

Accordingly, all of the factors that this Court should consider in deciding whether to set aside a default weigh in favor of setting aside (or not entering) the default here.  As previously stated, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Ehlers*, 8 F.3d at 783 (internal citations omitted). Because of this, any doubt as to

whether a default should be granted or vacated "should be resolved in favor of a judicial decision on the merits of a case[.]" *Blois*, 612 F.2d at 940.  For the above reasons, this Court should deny Plaintiff's motion for default and/or set aside the entry of default.

WHEREFORE Defendant, SLAVA KRASNOV, moves this Court to deny Plaintiff's Motion for Default Against Slava Krasnov and/or that this Court set aside the entry of default, and such other relief as this Court deems just and proper.

Dated April 21, 2014.                         **ANDERSON LAW GROUP**

/s/Daniel W. Anderson
Daniel W. Anderson, Esq.
Florida Bar No.: 490873
Henry G. Gyden, Esq.
Florida Bar No.: 0158127
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
E-mail: danderson@floridalawpartners.com
E-mail: hgyden@floridalawpartners.com
E-mail:  eserve@floridalawpartners.com
*Attorneys for Defendant Slava Krasnov*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 21, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice to all counsel of record:

      Louis R. Gigliotti, Esq.
      1605 Dewey Street
      Hollywood, FL 33020
      Email: lgigliotti@bellsouth.net

                    /s/Daniel W. Anderson
                    Daniel W. Anderson, Esq.
                    Florida Bar No.: 490873