IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-60123-CV-ALTONAGA

ROCA LABS, INC.,

    Plaintiff,

v.

SLAVA KRASNOV, ALLEN SMITH, and
CENTURY SCIENCES, LLC,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT, SLAVA KRASNOV'S MOTION TO QUASH SERVICE

Plaintiff, ROCA LABS, INC. ("Roca Labs"), by and through undersigned counsel, and files this Response to Defendants' Motion To Quash Service, and responds as follows:

### I.     INTRODUCTION.

Defendant Krasnov has a storied history of violating Plaintiff's intellectual property rights.  He has orchestrated the all of the acts complained of, be it in the Middle District or the Southern District of Florida, and has so far skated from responsibility for one reason.  He had successfully avoided service.  The Middle District case was dismissed as to Krasnov, because the process server could not find him to serve him.  And of course, opposing counsel would not accept service.

In this case, ProVest was hired to serve Defendant Krasnov.  On March 11, 2014, the process server went to the last known address of Krasnov.  The process server, J. Schultz, filed a sworn affidavit of service, stating that he served a balding, white male, aged 46-50, 5'8" to 5'11" tall, who weighed about 171-190 lbs.  Certainly, J. Schultz, a person with no interest in the

outcome, is to be believed that he served this person at Krasnov's home. Schultz also stated in his affidavit that the person refused marital information and was aggressive. [DE8].

Defendant Krasnov makes no effort in his affidavit to identify the person who is described in Schultz's affidavit, and merely states that there is no "Marco Krasnov" who lives with him. He does not state who he lives with, who could have been in his home at the time of service, or otherwise shed any light on who it was that Mr. Schultz served. He simply files an affidavit disclaiming that he was not "personally" served the papers that were sworn to have been served by Mr. Schultz. Krasnov does not deny that he lives at the residence in the affidavit of service, or that he ever received the papers.

Defendant Krasnov has so far successfully avoided service, through great expense and effort by Plaintiff, and his Motion To Quash is simply his latest effort to avoid responsibility and culpability for his infringing acts.

## II.     EFFORTS UNDERTAKEN TO EFFECTUATE SERVICE.

Plaintiff has made every effort to serve Defendant Krasnov. Upon information and belief, service was effectuated on March 11, 2014. On several occasions, the undersigned reached out to opposing counsel, and under Rule 4, sought waiver of service. On January 24, 2014, a request for waiver of service was made (Exhibit A, letter, pg. 3). On February 18, 2014, a second request was made via email. (Exhibit A, pg. 4). A third request was made via email on February 26, 2014. (Exhibit A, pg. 5). Attached as composite Exhibit A is a copy of three correspondence to opposing counsel Dan Anderson, Esq. specifically asking for waiver of service due to the difficulty in finding Mr. Krasnov. In a phone conversation with Mr. Anderson, he stated that he did not have authority to accept service, and was not representing Krasnov. Mr.

Anderson never stated that he would not represent him in the future.

Upon information and belief, and without much stretch of the imagination, Defendant Krasnov was almost certainly informed by Mr. Anderson, Esq., that Plaintiff was out to serve him, and upon reason and belief, he was preparing to avoid it.

The process server has sworn that he delivered the summons and the Complaint to a male individual at Krasnov's address.  Krasnov's affidavit does not deny that a male fitting this description lives at his home.  He merely denies that the person served was named "Marco Krasnov."  He also does not deny that he has or had notice of this proceeding, he merely claims that he was not personally served, or to his knowledge no person who resides with him was served.

Upon information and belief, and in weighing the credibility, Plaintiff respectfully requests that the Court find that Krasnov was served, and that an Order be entered requiring that he file a responsive pleading.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Quash Service.

Dated:  May 5, 2014                                        Louis R. Gigliotti, PA

                                                By:/Louis R. Gigliotti, Esq./
                                                Louis R. Gigliotti, Esq.
                                                Florida Bar No.: 71935
                                                1605 Dewey Street
                                                Hollywood, FL 33020
                                                Ph: (954) 471 4392
                                                Email: lgigliotti@bellsouth.net

**CERTIFICATE OF SERVICE**

I HEREBYCERTIFY  that a true and correct copy of the foregoing was filed via ECF this

5th day of May, 2014. By: /Louis R. Gigliotti
Louis R. Gigliotti, Esq.